IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Patrick Roberts, #11169-171      )<br>                                                  )<br>                          Petitioner,  )<br>                                                  )<br>              v.                              )<br>                                                  )<br> Brian Patton,                             )<br> Warden of FCI-Ashland,            )<br>                                                  )<br>                          Respondent. )<br>_____) | Civil Action No.8:07-3587-HFF-BHH<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

The petitioner, a federal prisoner, seeks relief pursuant to Title 28, United States Code, Section 2254. This matter is before the court on the respondent's motion for summary judgment. (Dkt. # 9.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

The petitioner brought this habeas action on October 26, 2007.[1] On January 18, 2008, the respondent moved for summary judgment. By order filed January 22, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On February 25, 2007, the petitioner filed a response opposing summary judgment.

**PROCEDURAL FACTS**

The petitioner is currently a federal prisoner housed at the Federal Correctional Institution in Ashland, Kentucky ("FCI-Ashland"). He is challenging a state conviction for

---

[1]There is no stamp from the prison mailroom. *See Houston v. Lack,* 487 U.S. 266 (1988)(holding prisoner's pleading is considered filed when filed with prison authorities for forwarding to the district court). Therefore, the undersigned is using the date that the petition is dated and envelope postmarked as the filing date. (Pet. & Ex. 15.)

which he has already served his sentence and been released because it was used to enhance his federal sentence. On September 9, 1993, the petitioner was arrested for discharging a firearm into a dwelling. Vinette Ford, the victim, identified the petitioner as the perpetrator. In November 1993, the petitioner was indicted by the Charleston County Grand Jury for shooting into a dwelling. The petitioner pled guilty and on November 17, 1993, he was sentenced ninety days time served under the Youthful Offender Act ("YOA") by the Honorable A. Victor Rawl. (Pet. Ex. at 10.) The petitioner did not file a direct appeal.

On September 10, 2004, the petitioner pled guilty to federal offenses and he was sentenced on December 2, 2004, to 212 months. On March 5, 2005, the petitioner filed an application for post-conviction relief ("PCR") in state court regarding his prior state conviction. He raised the following issue: "Eye witness/victim has now recanted her testimony." On December 13, 2005, the petitioner through counsel filed an amended application for PCR raising the following issue:

> The eyewitness to the incident has recanted her prior statement that implicated me in the crime. My attorney and family have spoken with the victim and witness and she now says that she knows with certainty that I was not the person who committed the crime against her and har [sic] family.

On January 19, 2006, the Honorable Daniel F. Pieper denied the State's motion to dismiss until the issue of newly discovered evidence could be fully developed. On January 23, 2007, an evidentiary hearing was held before Judge Pieper with the petitioner participating by telephone. On February 27, 2007, Judge Pieper filed an order dismissing the PCR application finding it barred by the state PCR statute of limitations.

On March 26, 2007, the petitioner filed a timely notice of appeal. On March 30, 2007, the Clerk of the South Carolina Supreme Court advised the petitioner he had to provide a good faith statement of an arguable basis for the appeal pursuant to Rule 227(c),

SCACR. On April 13 , 2007, in a letter, the petitioner's PCR counsel stated he did not believe there was a good faith basis for the PCR appeal since the testimony at the hearing was different than what he had found in his pre-trial investigation. On May 24, 2007, the South Carolina Supreme Court dismissed the appeal for failure to show an arguable basis for the appeal. The remittitur was sent down on June 11 , 2007. On October 26, 2007, the petitioner filed this habeas corpus petition.

## **APPLICABLE LAW**

**Summary Judgment Standard**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477

U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

### HABEAS STANDARD OF REVIEW

Since the petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir.1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2).

Federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings," 28 U.S.C.A. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court

4

decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410.

### EXHAUSTION AND PROCEDURAL BAR

A. Procedural Bar

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

1. Exhaustion

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254, which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B) (I) there is either an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court. The United States Supreme Court has consistently enforced the exhaustion requirement.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. SCAR 207; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). The second avenue of relief is by filing an application for PCR. S.C. Code Ann. § 17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. S.C. Code Ann. § 17-27-90. Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977); *Richardson v. Turner*, 716 F.2d 1059 (4th Cir. 1983).

2. Procedural bypass

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, *Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case. *Reed v. Ross*, 468 U.S. 1, 10-11 (1984).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

3. Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner before this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997)(citing *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991); *Teague v. Lane*, 489 U.S. 288,297-98 (1989); and *George v. Angelone*, 100 F.3d 353,363 (4th Cir. 1996).

4. Cause and Actual Prejudice

The requirement of exhaustion is not jurisdictional and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). In order to have such claims considered, a petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. 478. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.*

Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. He is required to prove that specific errors infected the trial and were of constitutional dimensions. *United States v. Frady*, 456 U.S. 152 (1982).

In *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995), the Court of Appeals stated that once a claim is determined to be procedurally barred, the court should not consider the

issue on its merits. The Court noted that it is always tempting to discuss the merits as an alternative reason for a conclusion, but that once a court finds an issue to be procedurally barred, all discussion which follows is only dicta. *See Karsten v. Kaiser Foundation Health Plan*, 36 F.3d 8, 11 (4th Cir. 1993). Therefore, once a court has determined that a claim is procedurally barred, it should not stray into other considerations.

## **DISCUSSION**

The respondent contends that this habeas petition should be dismissed because it was not timely filed within the one-year statute of limitations for filing federal habeas petitions or alternatively the claims are procedurally barred. The undersigned agrees.

**Statute of Limitations**

The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. 2244(d). The one-year statute of limitations begins to run on the date the petitioner's conviction becomes final, not at the end of collateral review. *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). In South Carolina, a defendant must file a notice of appeal within ten days of his conviction. Rule 203(b)(2), SCACR. If a defendant does not file a direct appeal, his conviction becomes final after ten days. Rule 203(b)(2), SCACR. *Crawley v. Catoe,* 257 F.3d 395 (4th Cir. 2001).

As noted above, the statute of limitations for filing a habeas action is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the State PCR process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." *Taylor v. Lee,* 196 F.3d 557, 561 (4th Cir. 1999). However, a State PCR proceeding must be "properly filed" for the statutory tolling provisions of § 2244(d)(2) to apply. "When a post-conviction petition is untimely under state law, it is not considered "properly filed." *Pace v. DiGulielmo*, 544 U.S. 408, 414 (2005).

The petitioner's direct appeal became final ten days after he pled guilty on November 27, 1993.[2] Because the petitioner's conviction became final before the enactment of the

---

[2] Because the petitioner did not file a direct appeal, the ninety day period for seeking certiorari from the United States Supreme Court is not included. *See, e.g. Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000) (holding direct review concludes at expiration of time for seeking certiorari from United States Supreme Court); 28 U.S.C. § 1257 (United States Supreme Court can only review on certiorari the final judgments of "highest court of a state"); U.S. Sup. Ct. R. 10(b) (certiorari considered where "state court of last resort" has decided important federal question); U.S. Sup. Ct. R. 13 (time period for petition for writ of certiorari is 90 days from decision or judgment of state court of last resort); Rule 203(b)(2), SCACR (10 day requirement for filing of Notice of Appeal from criminal conviction).

AEDPA, he had until April 24, 1997, to file his federal habeas corpus action unless the period was at any time tolled. *See, e.g. Hernandez v. Caldwell*, 225 F.3d 435 (4th Cir. 2000). By the time the petitioner filed for PCR on March 5, 2005, over eight years had passed since April 24, 1997.

In order to toll the one year statute of limitations governing federal habeas petitions, state PCR proceedings must commence prior to the expiration of the federal statutory period. *See* 28 U.S.C. § 2244(d). The petitioner filed his state PCR application seven years after the federal statute of limitations had already run. Furthermore, the PCR Court found the petitioner's PCR application was barred by the statute of limitations and the South Carolina Supreme Court dismissed the petitioner's appeal finding not there was not any arguable basis to challenge the PCR Court's decision. As this PCR application was untimely under state law, it was not considered "properly filed" and it could not have tolled the statute of limitations had the time not already expired. *Pace*, 544 U.S. at 414.

In any event, the petitioner's PCR action filed after April 24, 1997, did not revive the already expired statute of limitations for filing the petitioner's habeas action. Thus, the petitioner's federal habeas corpus petition is barred by the statute of limitations set forth in 28 U.S.C. § 2244(d).

To be entitled to equitable tolling, the petitioner must show that there was 1) an "'extraordinary circumstance,' 2) beyond his control or external to his own conduct, 3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). In *Harris v. Hutchinson*, 209 F.3d 325, 330-31 (4th Cir. 2000), the Fourth Circuit Court of Appeals held equitable tolling has been applied in two kinds of situations. In the first situation, the petitioners were prevented from asserting their claims by some kind of wrongful conduct on the part of the respondent and in the second, extraordinary circumstances beyond the petitioners' control made it impossible to file their claims on time. The court concluded that "any resort to equity must be reserved for those rare instances

where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.* at 330.   The AEDPA's provisions allow the limitations period for a claim to run, if applicable, on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

The petitioner contends that he is entitled to equitable tolling because he filed this action within less than a year of discovering the prosecuting witness, Vinette Ford, recanted her accusation that the petitioner was the man who shot into her home.  At the PCR hearing, the petitioner testified he did not find out that the victim was going to recant her identification of him until one month after his federal sentencing in December 2004. (Pet. Ex. 7 at 13-16.)   Ford testified that Travis Wilson was actually the one who fired into her house back in 1993, and that she identified the petitioner to get him back for cheating on her. She said she would have retracted her statement at the petitioner's guilty plea if anyone had asked her, but admitted she never told the solicitor this because she was angry at the petitioner.   (Pet. Ex. 7 at 25-27.)  During cross-examination, Ford admitted she had been in touch with the petitioner over the years, and had talked about the incident with him, with the petitioner telling her she was wrong for what she did.  However, Ford stated they had not discussed her formally recanting her statement until recently. Importantly, Ford admitted that she first told the petitioner she knew it was not him who fired into her house at least five years ago, "not within the past year."  (*Id.* at 30-31.) The petitioner also admitted that even if he and Ford had prior discussions about her allegedly false accusation, it did not matter until he was facing the federal sentence and the crime was used for enhancement.  (Pet. Ex. 7 at 41-42.)

The petitioner essentially contends that his petition is timely because Ford's affidavit recanting her earlier accusation was not available sooner.  This argument is unpersuasive.

12

*Hammack v. Quarterman*, 2006 WL 1831329 (N.D.Tex. 2006) (unpublished) (rejecting argument that petitioner could not have discovered the factual predicate of his claim until witness executed affidavit recanting trial testimony). Although the affidavit may not have existed until recently, the petitioner has not presented facts to show that the limitation period should commence at a later date under § 2244(d)(1)(D). The petitioner was obviously aware of the fact, if true, that he did not fire the gun into Ford's house on the night in question and yet he waited nearly twelve years after he voluntarily pled guilty to the offense to assert his innocence.

Moreover, the petitioner is not entitled to tolling under § 2244(d)(1)(D), because this newly discovered evidence showing his innocence is actually the claim itself, rather than the factual predicate of an independent claim. The United States Supreme Court has never held that an "actual innocence" exception to the AEDPA's one-year statute of limitations applies so as to excuse a petitioner's failure to timely file his federal habeas petition. *See, e.g., Souter v. Jones*, 395 F.3d 577, 589, 597 (6th Cir.2005) (recognizing disagreement among the courts of appeals but noting the majority of the circuits allowing for equitable tolling based on actual innocence require the petitioner to diligently pursue his federal habeas claims); *Bozman v. Kershaw Correctional Institution*, 2006 WL 516734, *2 (D.S.C. Mar. 1, 2006) (adopting the reasoning of the Fifth and Eighth Circuits, finding "that a claim of actual innocence is an insufficient circumstance to warrant equitably tolling the statute of limitations without a showing that a petitioner has discovered new facts that could not have been found with reasonable diligence before the time for filing had ended.") Because claims of actual innocence based on newly discovered evidence do not state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceedings, the petitioner is not entitled to tolling under § 2244(d)(1)(D). *Id*.

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the respondent's Motion for Summary Judgment (Dkt. # 9) be GRANTED and the habeas petition be DISMISSED with prejudice.

IT IS SO RECOMMENDED.


                                             s/Bruce Howe Hendricks
                                             United States Magistrate Judge

April 30, 2008
Greenville, South Carolina

**The petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).