

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| PATRICK ROBERTS,          § | | |
|    Petitioner, § | | |
| § | | |
| vs. § | CIVIL ACTION NO. 8:07-3587-HFF | |
| § | | |
| BRIAN PATTON, § | | |
| Warden FCI Ashland, § | | |
|    Respondent. § | | |

# ORDER

  This case was filed as a 28 U.S.C. § 2254 action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Respondent's motion for summary judgment be granted and the habeas petition dismissed with prejudice. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

  The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on April 30, 2008, and the Clerk of Court entered Petitioner's objections to the Report on May 23, 2008.

In this action, Petitioner challenges his November 17, 1993, state court conviction for discharging a firearm into a dwelling. (Pet. 5.) Petitioner pled guilty to the offense and was sentenced to ninety days in prison. (Pet. 5.) On November 8, 2005, Vinette Ford, the victim of the 1993 shooting, executed an affidavit recanting her 1993 statement to police in which she accused Petitioner of shooting into her home declaring: " The man I saw that night . . . .was not Patrick J. Roberts." (Pet. Ex. 4.) Based on this affidavit, Petitioner brought an action for post conviction relief in the Charleston County Court of Common Pleas on December 13, 2005. After conducting an evidentiary hearing in which Ms. Ford testified, the Honorable Judge Daniel F. Pieper denied the application as barred by the state statute of limitations. (Pet. Ex. 8.) In addition, and importantly for purposes of this Petition, Judge Pieper found that Petitioner had "actual knowledge of [Ms. Ford's recantation] a number of years before filing" his application for PCR. (Pet. Ex. 8.) Despite the fact that he has long since completed his 1993 sentence, Petitioner challenges that sentence because it was apparently used to enhance a subsequent federal sentence.

Before reaching the statute of limitations and equitable tolling arguments addressed by the Magistrate and Petitioner, the Court will consider whether it lacks jurisdiction over Petitioner's claim in that Petitioner is no longer in custody for the offense for which he seeks relief. For this Court to have jurisdiction to grant a writ of habeas corpus, a petitioner must be "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). The United States Supreme Court has held that this language requires that the habeas petitioner be "in custody under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989).

Petitioner appeals his November 17, 1993, conviction for discharging a firearm into a dwelling entered by the Charleston County Court of Common Pleas. Petitioner served ninety days for this sentence, and, thus, he has not been "in custody" for this conviction for over fourteen years.

The *Maleng* Court left open the issue of the extent to which a prior conviction itself may be challenged by a petitioner who is currently serving a sentence that was enhanced by that prior conviction. That issue, however, was addressed in *Lackawanna County District Attorney v. Coss*, 532 U.S. 394, (2001), where the Court held:

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. [citations omitted]. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Id.* at 403-404 (citations omitted). The only clear exception identified by the *Coss* Court does not apply to Petitioner. *See id.* at 404 (noting exception for convictions used to enhance sentences obtained where there was a failure to appoint counsel in violation of Sixth Amendment).

The Fourth Circuit has applied *Coss* in cases similar to Petitioner's. *See e.g.*, *Etheridge v. Virginia*, 18 Fed. Appx. 213, 214 (4th Cir. 2001) (dismissing appeal from dismissal of 2254 petition where petitioner was challenging expired state court convictions used to enhance a federal sentence because he was not "in custody" pursuant to state court judgment). Applying *Coss* to this case, the Court finds that it lacks jurisdiction to issue a writ because Petitioner has completed his sentence for the underlying state conviction upon which his petition stands, and he has unsuccessfully pursued his state remedies.

3

As an alternative ground for dismissing the Petition, the Court finds that Petitioner's request for relief was not filed within the one-year statute of limitations for filing habeas petitions. Under 28 U.S.C. § 2244(d), petitions for habeas corpus must be filed within one year of the later of, among other things, the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review. The state court judgment challenged by Petitioner became final on November 27, 1993, the date when time expired for seeking review of the state court judgment. *Cf.* SCACR 203(b)(2) (noting that appeals from the Court of General Sessions must be made within ten days). However, the federal statute of limitations did not begin to run until the enactment of the Antiterrorism and Effective Death Penalty Act on April 24, 1996. Although the filing of an application for state post conviction relief tolls the one-year statute of limitations, 28 U.S.C. 2244(d)(2), because Petitioner did not file such an application between April 24, 1996 and April 24, 1997, the Court finds that his claim for habeas relief is time barred.

The Petitioner urges the Court to apply the doctrine of equitable tolling to stop the running of the statute of limitations until November 8, 2005 when Ms. Ford executed an affidavit recanting her accusation of Petitioner. (Pet'r Resp. To Magistrate's R & R 6-7.) However, even if equitable tolling were applied, the Court finds that the statute of limitations began running several years prior to 2005, when Petitioner first learned that Ms. Ford no longer believed he was the party who discharged a firearm into her home. The Honorable Judge Pieper found, after conducting an evidentiary hearing, that the Petitioner had "actual knowledge of [Ms. Ford's recantation] a number of years before filing" his application for post conviction relief. (Pet. Ex. 8.) Because factual issues determined by state courts are presumed to be correct in habeas proceedings under 28 U.S.C. § 2254(e)(1), the Court finds that Petitioner knew about the facts giving rise to this petition "a

number of years" before filing his state petition for post conviction relief. Therefore, even if equitable tolling were applied, Petitioner's claim is still time barred because more than one year elapsed between the time that he learned of Ms. Ford's recantation and his application for post conviction relief.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Petitioner's objections, finding them to be without merit, and adopts the Report to the extent that it is not inconsistent with this Order. Therefore, it is the judgment of this Court that Respondent's motion for summary judgment be **GRANTED** and the habeas petition **DISMISSED** without prejudice.

**IT IS SO ORDERED**.

Signed this 27th day of August, 2008, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within 60 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.